# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| TORRIEO MONTE JOHNSON, : | |
| : | |
| Petitioner, : | |
| : | |
| v.  : | CASE NO.: 7:20-CR-9 (LAG) |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |
| : | |

# **ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (R&R) dated November 4, 2024. (Doc. 143). Therein, the Magistrate Judge recommends that the Court deny Petitioner's Motion to Vacate (Doc. 133) because Petitioner's claims lack merit as a matter of law or are otherwise contradicted by the record. (Doc. 143 at 4). The Magistrate Judge also recommends that the Court deny Petitioner a certificate of appealability. (Doc. 143 at 17). Torrieo Johnson filed the Motion to Vacate on April 19, 2024. (Doc. 133). Therein, he challenges his sentence on seven grounds: (1) ineffective assistance of appellate counsel; (2) violation of his Fourth Amendment rights; (3) violation of his Due Process rights; (4) prosecutorial misconduct; (5) lack of jurisdiction; (6) defective indictment; and (7) improper sentence under the Armed Career Criminal Act. (Doc. 133 at 3–13).

In the R&R recommending denial, the Magistrate Judge found that Petitioner's claims for ineffective assistance of counsel failed because he had not demonstrated that the arguments he wished counsel made were "clearly stronger" than those that counsel actually made. (Doc. 143 at 7–10). The Magistrate Judge also found that the government adequately complied with its discovery requirements because the missing discovery was received by Mr. Johnson's counsel and any failure to produce documentation from Officer Meredith's in-car computer did not constitute a Rule 16 violation because Mr. Johnson did not request

such documentation. (Doc. 143 at 9–10) Moreover, the Magistrate Judge found that Mr. Johnson could not demonstrate prosecutorial misconduct because stating that the witness was "with the Court" was simply a phrase used to indicate that the attorney completed questioning the witness. (Doc. 143 at 10–11). Regarding the government's failure to charge Mr. Johnson with a traffic violation, the Magistrate Judge found that Mr. Johnson did not point to any authority that obligates the government to charge certain offenses and prosecutorial discretion allows such a decision. (Doc. 143 at 12–13). Lastly, the Magistrate Judge found that the remainder of Mr. Johnson's claims were procedurally barred based on his direct appeal. (Doc. 143 at 14–16). The Magistrate Judge's recommendation triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1) for the parties to file written objections. Mr. Johnson filed three written objections to the R&R on November 26, 2024 (Doc. 144), December 3, 2024 (Doc. 145), and January 8, 2025 (Doc. 146).[1]

District courts have "the duty to conduct a careful and complete review" to determine "whether to accept, reject, or modify" a magistrate judge's report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (citation omitted). The Court reviews de novo the dispositive portions of a magistrate judge's report and recommendation to which a party objects and reviews the rest for clear error. *See* 28 U.S.C. § 636(b)(1)(A), (C); Fed. R. Civ. P. 72(a), (b)(3). When a party's objections, however, are "[f]rivolous, conclusive, or general[,]" the Court "need not" consider them. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (citation omitted). An objecting party "must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *Id.* at 1360.

Mr. Johnson appears to object to three of the seven grounds addressed in the R&R: ineffective assistance of appellate counsel; defective indictment; and improper sentence under the Armed Career Criminal Act. (Docs. 144, 145, 146). However, Mr. Johnson does not make any specific objection to the conclusions that form the basis of the denial—his

---

[1] The Court considers Mr. Johnson's pleading titled Motion Requesting to Enter Supporting Facts to Previous Objections Made in Courts Denial of 2255 Habeas Corpus filed on January 8, 2025, as a third objection because he represents that "at the time of [his] time to object [he] did not have adequate access to browse the computer website to retrieve any state law pertaining to his case." (Doc. 146 at 1).

counsel was not ineffective for simply failing to raise arguments that were not "clearly stronger" than those presented or that his other claims are procedurally defaulted. Instead, he restates identical arguments to those raised in the Motion to Vacate. The Court has reviewed the remaining grounds for clear error and finds none. Thus, Mr. Johnson's Objections (Docs. 144, 145, 146) are **OVERRULED**.

Upon full review and consideration of the record, the Court finds that the O&R (Doc. 143) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made an order of this Court for reasons of the findings made and reasons stated therein. Accordingly, Mr. Johnson's Motion to Vacate is **DENIED**, and a Certificate of Appealability is **DENIED**.

**SO ORDERED**, this 28th day of January, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**